344 APPELLATE COURTS OF ILLINOIS.

Helm et al. v. Illinois Commercial Men's Ass'n, 199 Ill. App. 344.

## Maude B. Helm and Evelyn Helm, by Maude B. Helm, Appellants, v. Illinois Commercial Men's Association, Appellee.

### Gen. No. 21,038.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion originally filed April 28, 1916. Rehearing allowed and additional opinion filed June 20, 1916.

### Statement of the Case.

Action by Maude B. Helm and Evelyn Helm, by Maude B. Helm, her next friend, plaintiffs, against Illinois Commercial Men's Association, defendant, to recover on a policy of insurance on the life of Edgar L. Helm, deceased. From a judgment for defendant upon a trial before the court without a jury, plaintiffs appeal.

The contract in this case consisted of the application for insurance, the policy issued to the assured and the by-laws of the association. The by-laws offered in evidence by plaintiffs contained the following provision: "This association shall not be liable to any person for any idemnity or benefit for * * * death * * * resulting from an accident to a member which happened while said member was unnecessarily exposing himself to danger; (or) was not in the exercise of due diligence for his self-protection; * * *." Plaintiffs' evidence showed that the deceased was killed while walking along a railroad right of way at a point between Vickers and Walton, Virginia; that there was no public highway between Vickers and Walton, and it was the only practicable way of travel for pedestrians between these two points, and was much traveled by people passing from one point to the other; that deceased was struck by a westbound passenger train, while a freight train was passing the deceased

in an easterly direction.   The engineer and fireman of the locomotive of the passenger train, who testified in behalf of plaintiffs, were the only witnesses who testified as to the manner in which deceased met his death.   The engineer did not see deceased before he was killed.   The fireman testified that when he first saw deceased, the latter was walking alongside of the freight train and on the ends of the ties supporting the rails upon which the passenger train was running, and that at that time deceased was about three hundred feet in front of the passenger engine, with his back to the same, facing and walking in the same direction in which the passenger train was going.   The accident happened on a long "stiff" curve and the witness was prevented from seeing the deceased sooner because his view was cut off by the freight train.

He testified that it could not have been over five seconds from the time he first saw deceased until the latter was struck; that the east and westbound tracks were about five feet apart; that he had seen people step in safety between these tracks; that a cold wind was blowing at the time; that deceased appeared to be carrying his grip upon his back with his head bent over, and, apparently, had his hands in his pockets.

BULKLEY, MORE & TALLMADGE, for appellants.

RYAN & CONDON, for appellee; IRVIN I. LIVINGSTON and D. A. CALLAHAN, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

INSURANCE, § 667*—*when evidence insufficient to establish that insured exercised due diligence for his self-protection, at time of death by train.*   In an action on a policy of insurance on the life of a person killed while walking on a railroad track, evidence *held* insufficient to establish that insured exercised due care for his own safety, within the terms of the policy.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.